1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

13

ALBERTO PONCE, an individual

14

Plaintiff,

15

v.

16

CALENERGY OPERATING
CORPORATION, a corporation; and
DOES 1-25, inclusive,

17

18

Defendants.

19

Case No.:  3:22-CV-01808-W-LR

**ORDER DENYING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF [DOC. 30]**

20
21
22
23
24

Pending before the Court is Mills Sadat Dowlat LLP's ("Attorney") motion to withdraw as attorney of record for Plaintiff Alberto Ponce ("Plaintiff").  The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the reasons set forth below, the Court **DENIES** the motion [Doc. 30].

25

**I.      FACTUAL BACKGROUND**

26
27
28

On October 20, 2022, Attorney filed this lawsuit on behalf of Plaintiff.  The Complaint asserted eleven causes of action relating to Defendants' alleged employment

1

1    law violations against Plaintiff—including wrongful termination, failure to provide

2    reasonable accommodations, discrimination, retaliation, and failure to provide accurate

3    wage statements.  (*Compl.* [Doc. 1] ¶ 21–81.[1])

4          On November 17, 2022, Defendants removed the case to this Court.  (*See Notice of*

5    *Removal.*)  However, Plaintiff's eleventh cause of action, brought under California's

6    Private Attorneys General Act, was not removed.  (*Id*. at 10.)

7          On March 31, 2023, Plaintiff filed his First Amended Complaint ("FAC"), adding

8    additional causes of action relating to Defendants' alleged California Labor Code

9    violations.  (*See FAC* [Doc. 13].)

10          On October 3, 2023, Attorney filed the current motion to withdraw as counsel of

11    record for Plaintiff (the "Motion") citing Plaintiff's failure "to respond to any and all of

12    Counsel's several communication attempts."  (*Motion* at 2:6-7.)  The Motion does not

13    identify a hearing date as required by Civ. L.R. 7.1(f)(1).  To date, there has been no

14    opposition filed.

15

16    **II.**     **DISCUSSION**

17          An attorney may not withdraw as counsel except by leave of court.  *Darby v. City*

18    *of Torrance*, 810 F. Supp. 275, 276 (C.D.Cal.1992); Civ. L.R. 83.3(f)(3).  "The grant or

19    denial of an attorney's motion to withdraw in a civil case is a matter addressed to the

20    discretion of the trial court . . . ."  *Washington v. Sherwin Real Estate, Inc*., 694 F.2d

21    1081, 1087 (7th Cir. 1982).  Factors considered in evaluating the Motion are "1) the

22    reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other

23    litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the

24    degree to which withdrawal will delay the resolution of the case."  *CE Resource, Inc. v.*

25

26

27

28

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit A.

1    *Magellan Group, LLC*, 2009 WL 3367489, at \*2 (E.D. Cal. 2009) (citing *Canandaigua*

2    *Wine Co., Inc. v. Moldauer*, 2009 WL 89141, at \*1 (E.D. Cal. 2009)).

3         Withdrawal of counsel is governed by the standards of professional conduct

4    required of members of the State Bar of California.  *See Nehad v. Mukasey*, 535 F.3d

5    962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney

6    withdrawal).  Under Rule 1.16(d), an attorney "shall not terminate the representation until

7    the lawyer has taken reasonable\* steps to avoid reasonably\* foreseeable prejudice to the

8    rights of the client, such as giving the client sufficient notice to permit the client to retain

9    other counsel . . . ."[2]

10        Furthermore, Civ. L.R. 83.3(f)(3) states an attorney's motion to withdraw "must be

11   served" "on the moving attorney's client" and the motion must be accompanied by a

12   "declaration pertaining to such service."  Additionally, Civ. L.R. 7.1(f)(1) requires all

13   motions to "include within it a Memorandum of Points and Authorities in support of the

14   motion . . . ."

15        Here, Attorney's Motion to withdraw as counsel and accompanying declaration of

16   Mr. Dowlatshahi in support thereof fail to meet the requirements necessary for the Court

17   to grant the Motion.

18        As a procedural matter, the Motion fails to comply with Civ. L.R. 7.1(f)(1) in that

19   the Motion does not contain a Memorandum of Points and Authorities explaining why

20   and on what grounds the Court should grant the motion.  Similarly, the Motion fails to

21   comply with L.R. 83.3(f)(3) in that the proofs of service attached to the Motion and Mr.

22   Dowlatshahi's declaration do not show that Attorney has served the Motion on Plaintiff.

23   Nor does the Motion identify a hearing date, as required by Civ. L.R. 7.1(d)(1).

24        Turning to the substance of Motion, Attorney fails to evaluate the four factors set

25   forth in *Washington v. Sherwin Real Estate, Inc.* nor show the "reasonable steps"

26   _____

27

28   [2] California Rule of Professional Conduct 1.01(h) defines "reasonable" and "reasonably" in this context
     to mean "the conduct of a reasonably prudent and competent lawyer."

1   Attorney has taken to "avoid reasonably foreseeable prejudice to the rights of the client,

2   such as giving the client sufficient notice to permit the client to retain other counsel."

3       While Mr. Dowlatshahi's declaration asserts that "Counsel has sent numerous

4   emails to [Plaintiff] at his last known email address" and that "[o]ur firm has also made

5   numerous calls to Plaintiff via telephone," the only evidence accompanying the

6   declaration is Exhibit A—which shows nothing more than two emails Mr. Dowlatshahi

7   sent (just one day apart from each other) to an email address called

8   "ponce_alberto@outlook.com"  wherein Mr. Dowlatshahi asks Plaintiff to "please call

9   me back . . . ."  These two emails from September 12 and 13, 2023 and Mr.

10  Dowlatshahi's assertion that his firm has "made numerous calls to Plaintiff via

11  telephone" are insufficient.  The Court is especially concerned that it does not appear

12  Attorney has even attempted to inform Plaintiff of its plan to withdraw and that a

13  telephonic Discovery Conference is set for October 20, 2023—leaving Plaintiff with little

14  time to find new counsel.

15

16  **III.    CONCLUSION & ORDER**

17      For all the reasons set forth above, the Court **DENIES** Attorney's motion to

18  withdraw as attorney of record for Plaintiff Alberto Ponce [Doc. 30] without prejudice.

19      **IT IS SO ORDERED.**

20  Dated:  October 11, 2023

21

22  _____

    Hon. Thomas J. Whelan
23  United States District Judge

24

25

26

27

28

4