UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO PONCE,<br><br>                           Plaintiff,<br><br>v.<br><br>CALENERGY OPERATING CORPORATION, et al.,<br><br>                         Defendants. | Case No.: 22cv1808-W(LR)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION**<br><br>**[ECF No. 36.]** |

On November 3, 2023, Defendant CalEnergy Operating Corporation ("Defendant") and Plaintiff Alberto Ponce ("Ponce") filed a joint motion to address a discovery dispute in which Defendant requests that the Court compel Plaintiff to appear for his deposition and impose monetary sanctions against him, or in the alternative, an order issuing terminating sanctions. (See ECF No. 36, Joint Mot. to Compel ("MTC").) For the reasons stated below, the Court **GRANTS** Defendant's motion to compel insofar as it seeks an order requiring Plaintiff to appear for his deposition and imposing monetary sanctions against him. **As will be reiterated below, the Court cautions Plaintiff that the failure to comply with subsequent orders will likely subject him to further sanctions, up to and including dismissal of this action in its entirety.**

/ / /

## I.    RELEVANT BACKGROUND & PROCEDURAL HISTORY

Plaintiff—a former mechanic at Defendant's facilities in Imperial County, California—filed a complaint in Imperial County Superior Court on October 20, 2022, alleging wrongful termination and approximately ten additional employment causes of action.  (See ECF No. 1-2 at 5.)  Defendant removed the action to this court on November 17, 2022, and filed an answer on the same day.  (See ECF Nos. 1 & 2.)  The undersigned held an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") and issued a scheduling order regulating a discovery and other pretrial proceedings on February 2, 2023.  (See ECF No. 10.)  The scheduling order set a fact discovery cutoff of July 28, 2023.  (See id. at 3.)

Two days before the fact discovery cutoff, the parties filed a joint motion requesting that they be allowed to complete Plaintiff's deposition past the fact discovery deadline, but no later than August 31, 2023.  (See ECF No. 24 at 1-3.)  The joint motion noted that the parties had engaged in settlement discussions that proved unsuccessful, that they were attempting to re-start settlement negotiations, and that Plaintiff would not be available until the month of August for his deposition.  (See id.)  The Court granted that motion, allowing Plaintiff's deposition to be completed by August 31, 2023.  (See ECF No. 25.)  On August 28, 2023, the parties filed a second joint motion requesting that the Court further extend the deadline by which they be allowed to conduct Plaintiff's deposition—indicating that Plaintiff had chosen September 20, 2023 to appear and testify at his deposition.  (See ECF No. 28 at 2.)  The Court granted this request as well, setting the deadline by which the parties were to complete Plaintiff's deposition on September 20, 2023.  (See ECF No. 29.)

It was not until the eve of a scheduled telephonic case management conference ("TCMC") the following month that the Court was alerted to the magnitude of the issues that led to the filing of the instant motion to compel.  On October 3, 2023, Plaintiff's counsel filed an *ex parte* motion to withdraw as counsel of record for Plaintiff without substitution, explaining that Plaintiff had "failed to respond to any and all of Counsel's

several communication attempts regarding this case." (See ECF No. 30 at 1.) In support of that motion, Plaintiff's counsel, Camron Dowlatshahi, attached two previous emails to Plaintiff dated in September of 2023 that had gone unanswered. (See id. (citing ECF No. 30-1, Camron Dowlatshahi Decl., Ex. A).) At the TCMC the following day, the Court expressed concern about Plaintiff's counsel's lack of contact with his client, as well as counsel's failure to inform the Court about these problems before filing the motion to withdraw as counsel of record, and set a follow-up discovery conference for October 20, 2023. (See ECF No. 32.) The Court explained that if Plaintiff's counsel had not made any progress in contacting Plaintiff by the day of the discovery conference, the Court would be forced to allow Defendant to file a motion to compel Plaintiff's attendance at his deposition. District Judge Thomas J. Whelan subsequently denied Plaintiff's counsel's motion to withdraw on October 11, 2023, citing concerns that Plaintiff's counsel had not even attempted to inform Plaintiff of his plan to withdraw in advance of the follow-up discovery conference before the undersigned on October 20, 2023. (See ECF No. 33.)

Plaintiff's counsel was not able to contact him by the day of the follow-up discovery conference. After conferring again with the parties, the Court set a briefing schedule for Defendant to file a motion to compel Plaintiff's attendance at his deposition in the joint motion format required by the undersigned's civil chambers rules. (See ECF No. 35.) The instant motion to compel followed. (See ECF No. 36.) In the joint motion, Defendant provides additional context surrounding Plaintiff's failures to attend his deposition, including that Defendant's counsel has sent three notices of Plaintiff's remote deposition to Plaintiff and his counsel, that Plaintiff's counsel has repeatedly asked for extensions of Plaintiff's deposition after initially agreeing to dates with defense counsel, and that Plaintiff's counsel did not inform defense counsel of his inability to contact his client until September 15, 2023, five days before the third-amended noticed date of Plaintiff's deposition. (See id. at 2-5 (citing ECF No. 36-1, Joseph Desiderio Decl. ("Desiderio Decl."), Exs. A-O).) These attempts to take Plaintiff's deposition culminated

in Defendant noting Plaintiff's non-attendance on the record at his third-amended noticed deposition on September 20, 2023—the last day of the most recent extension period granted by the undersigned. (See id. at 4 (citing Desiderio Decl., Ex. O).)

Defendant contends that Plaintiff's repeated failures to attend his noticed deposition merit an order compelling his appearance and imposing monetary sanctions to compensate Defendant's counsel for its time in repeatedly rescheduling, preparing for, and attending Plaintiff's noticed deposition, as well as the time spent preparing the instant motion. (See id. at 5-9.) Alternatively, Defendant requests that the Court issue terminating sanctions, citing the prejudice that Defendant will experience from taking Plaintiff's deposition this late in the discovery process, and the unlikely utility of monetary sanctions against Plaintiff, who has apparently severed all communication with his counsel and is no longer interested in litigating this case. (See id. at 7-8.) Plaintiff's counsel does not oppose either request. (See id. at 9.)

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 30(a), a party may, by oral questions, depose any person without leave of court subject to certain exceptions which are not applicable here. See Fed. R. Civ. P. 30(a)(1). A party who wishes to depose a person by oral questions must give reasonable written notice to every other party in the action. Fed. R. Civ. P. 30(b)(1). The notice must state the time and place of the deposition, the deponent's name and address (if known), and the method for recording the testimony. Fed. R. Civ. P. 30(b)(1), (3). Unless the court orders otherwise, testimony at a deposition may be recorded by audio, audiovisual, or stenographic means.

Pursuant to Rule 37(d), a party who fails to appear for his or her deposition after being served with a proper notice may be sanctioned. Fed. R. Civ. P. 37(d)(1)(A)(i). Applicable sanctions under Rule 37(d) include: (1) designating facts be taken as established for purposes of the action, as the moving party claims; (2) prohibiting the disobedient party from supporting or opposing particular claims or defenses, or from introducing designated matters into evidence; (3) striking pleadings; (4) staying further

proceedings until a court order is obeyed; (5) dismissing the action in whole or in part; or (6) requiring the party failing to act to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(d)(3) (citing Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)).

As an initial matter, the Court concludes that Plaintiff should be compelled to appear for his oral deposition on a date and time certain.  Defendant's motion and the declaration concurrently submitted by Defendant's counsel demonstrate that Plaintiff's deposition was properly noticed on multiple occasions and that he failed to appear without notice or a proper excuse.  (See Desiderio Decl., Exs. A, E, J, L.)  Defendant also made multiple good faith efforts to meet and confer with Plaintiff and his counsel before filing the instant motion, and Plaintiff's counsel even agreed to a final deposition date on September 20, 2023.  (See id. Exs. B, C, D, F, G, H, I, K, M, N.)  Although it appears that Plaintiff's counsel only admitted to the lack of communication with their client shortly before his deposition was scheduled to take place after the third-amended notice was served on September 15, 2023, Defendants are still entitled to depose Plaintiff under Federal Rule of Civil Procedure 30(a).  The Court will give Plaintiff and his counsel the opportunity to meet and confer with defense counsel about a mutually agreeable deposition date, but if no agreement is reached, Plaintiff must appear at a date selected by defense counsel.  **Regardless of which date the parties choose, Plaintiff must appear for his deposition by December 15, 2023.  Plaintiff is cautioned that any further failures to appear at his deposition will subject him to additional sanctions as provided for in Fed. R. Civ. P. 37(b)(2), which may include an order to dismiss this action in whole or in part.**

Second, the Court deems it appropriate to impose sanctions upon Plaintiff (not Plaintiff's counsel) based on his failure to appear at his noticed deposition and the waste of the parties' resources in continually rescheduling his deposition.  The Court has broad discretion to determine appropriate attorney's fees.  See Paul, Johnson, Alston & Hunt v.

Graulty, 886 F.2d 268, 272 (9th Cir. 1989); see also Konikow v. Cnty. of San Bernardino, Case No. ED CV 18-412-DMG (SPx), 2019 WL 3064107, at * 2 (C.D. Cal. Apr. 22, 2019) (finding monetary sanctions in the form of attorney's fees and costs of recording deposition that plaintiff failed to appear for appropriate under Federal Rule of Civil Procedure 37(a)(5)). To compensate for costs associated with Plaintiff's failure to attend his deposition, Defendant seeks: (1) $647 in court reporter and transcript costs associated with deposition and recording a statement of non-appearance on the day of Plaintiff's deposition; (2) $2,652 in attorney's fees for 5.2 hours of Defendant's counsel's time at an hourly rate of $510 per hour to compensate Defendant for the costs of bringing the instant motion; and (3) $204 in attorney's fees for 0.4 hours of defense counsel's time appearing at Plaintiff's noticed deposition and recording his non-appearance, totaling $3,503. (See Desiderio Decl. at 5.) The Court finds that these costs were a direct result of Plaintiff's failures to attend his deposition and will adequately compensate Defendant for the time spent addressing these issues. Accordingly, the Court **ORDERS** Plaintiff to pay Defendant $3,503 incurred as a result of his failure to appear for his deposition. Plaintiff must pay this sanction by **December 15, 2023** and must file with the Court a Notice of Payment of sanctions by **December 22, 2023**.

Finally, to the extent that Defendant asks the Court to dismiss Plaintiff's claims based on the failures to participate in the discovery process noted above, the Court concludes that terminating sanctions would be an unduly harsh penalty at this juncture. Federal Rule of Civil Procedure 37(b) and (d) authorize a district court to dismiss an action if a party fails to appear for his or her deposition, respond to properly served discovery requests, or comply with a court order. Fed. R. Civ. P. 37(b), (d). Dismissal is appropriate only when the non-complying party's behavior demonstrates "willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.d3d 1162, 1167 (9th Cir. 1994). "'disobedient conduct not shown to be outside of the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault.'" Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (quoting Hyde & Drath, 24 F.3d at 1166). Before dismissing a case,

however, a court should consider the following factors: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Hyde & Drath, 24 F.3d at 1166 (citing Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)). "'The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions.'" Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang, 105 F.3d 521, 524 (9th Cir. 1997) (quoting Wanderer, 910 F.2d at 656).

Indeed, the fifth factor listed above—the availability of lesser sanctions at this point in the litigation—weighs heavily against dismissal. Defendant argues that it has been "severely prejudiced" by Plaintiff's failure to appear for his properly noticed deposition before the fact discovery deadline has passed. (See MTC at 7.) Without Plaintiff's deposition taking place in a timely manner, Defendant contends that it will be unable to pursue any follow-up discovery that based on any new information identified in deposition testimony. (See id.) Further, Defendant notes its skepticism "that a lesser sanction imposed by this Court will have any impact [on] Plaintiff, especially given that he has not been communicating with his counsel." (Id. at 8.) Although these concerns are well-taken, they are not without remedy at this stage in the litigation. For instance, the Court is particularly concerned by Plaintiff's counsel's representations about the extent of their efforts to communicate with their client, especially given that the only basis for Plaintiff's counsel's motion to withdraw were two emails to Plaintiff's last known email address—one day apart—that went unanswered. (See ECF No. 33 at 4.) It is entirely possible that Plaintiff's counsel will be able to locate Mr. Ponce in the coming weeks, and that his deposition will be able to proceed without incident. Moreover, even if Defendant discovers additional information during Plaintiff's deposition, the parties can request the Court's permission to conduct additional follow-up discovery proportional to any newly obtained information. Accordingly, both the prejudice

suffered by Defendant and the availability of lesser sanctions weigh against dismissal at this time.

## IV.   CONCLUSION & ORDER

Although terminating sanctions against Plaintiff would be inappropriate at this juncture, Plaintiff has repeatedly failed to appear for his deposition after it was properly noticed by Defendant throughout the fact discovery period in this case.  Accordingly, the Court **ORDERS** Plaintiff to appear for his deposition by **December 15, 2023**. Additionally, Plaintiff is **ORDERED** to pay Defendant $3,503 incurred as a result of his failure to appear for his deposition.  Plaintiff must pay this sanction by **December 15, 2023** and must file with the Court a Notice of Payment of sanctions by **December 22, 2023**.  **Plaintiff is cautioned that any further failures to appear at his deposition will likely subject him to additional sanctions as provided for in Fed. R. Civ. P. 37(b)(2), which may include an order to dismiss this action in whole or in part.**

**IT IS SO ORDERED.**

Dated:  November 13, 2023

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge