UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO PONCE,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALENERGY OPERATING CORPORATION, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  22cv1808-W(LR)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR TERMINATING SANCTIONS**<br><br>**[ECF No. 45]** |

This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.  Presently before the Court is an unopposed motion by Defendant CalEnergy Operating Corporation ("Defendant") for terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b) and (d) against Plaintiff Alberto Ponce ("Plaintiff") for repeated failures to comply with Court orders.  (ECF No. 45.)  For the reasons stated below, the Court **RECOMMENDS** that: (1) Defendant's motion be **GRANTED in part**, (2) this case be **DISMISSED WITH PREJUDICE**, and (3) that District Judge Whelan decline to impose further monetary sanctions against Plaintiff.

/ / /

## I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff—a former mechanic at Defendant's facilities in Imperial County, California—filed a complaint in Imperial County Superior Court on October 20, 2022, alleging wrongful termination and approximately ten additional employment causes of action. (See ECF No. 1-2 at 5.) Defendant removed the action to this court on November 17, 2022 and filed an answer on the same day. (See ECF Nos. 1 & 2.) The undersigned held an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") and issued a scheduling order regulating discovery and other pretrial proceedings on February 2, 2023. (See ECF No. 10.) The scheduling order set a fact discovery cutoff of July 28, 2023. (See id. at 3.)

Two days before the fact discovery cutoff, the parties filed a joint motion requesting that they be allowed to complete Plaintiff's deposition past the discovery deadline, but no later than August 31, 2023. (See ECF No. 24 at 1-3.) The joint motion noted that the parties had engaged in settlement discussions that proved unsuccessful, that they were attempting to re-start settlement negotiations, and that Plaintiff would not be available until the month of August for his deposition. (See id.) The Court granted that motion, allowing Plaintiff's deposition to be completed by August 31, 2023. (See ECF No. 25.) On August 28, 2023, the parties filed a second joint motion requesting that the Court further extend the deadline by which they be allowed to conduct Plaintiff's deposition—indicating that Plaintiff had chosen September 20, 2023 to appear and testify. (See ECF No. 28 at 2.) The Court granted this request as well, setting the deadline by which the parties were required to complete Plaintiff's deposition on September 20, 2023. (See ECF No. 29.)

It was not until the eve of a regularly scheduled telephonic case management conference ("TCMC") the following month that the Court was alerted to the issues that precipitated the instant motion. On October 3, 2023, Plaintiff's counsel filed an *ex parte* motion to withdraw as counsel of record for Plaintiff without substitution, explaining that Plaintiff had "failed to respond to any and all of Counsel's several communication

1  attempts regarding this case." (See ECF No. 30 at 1.)  In support of that motion,
2  Plaintiff's counsel, Camron Dowlatshahi, attached two previous emails to Plaintiff dated
3  in September of 2023 that had gone unanswered.  (See id. (citing ECF No. 30-1).)  At the
4  TCMC the following day, the Court expressed concern about Plaintiff's counsel's lack of
5  contact with his client, as well as counsel's failure to inform the Court about these
6  problems before filing the motion to withdraw as counsel of record, and set a follow-up
7  discovery conference for October 20, 2023.  (See ECF No. 32.)  The Court explained that
8  if Plaintiff's counsel had not made any progress in contacting Plaintiff by the day of the
9  discovery conference, the Court would be forced to allow Defendant to file a motion to
10 compel Plaintiff's attendance at his deposition.  District Judge Whelan subsequently
11 denied Plaintiff's counsel's motion to withdraw on October 11, 2023, citing concerns that
12 Plaintiff's counsel had not even attempted to inform Plaintiff of his plan to withdraw in
13 advance of the discovery conference before the undersigned on October 20, 2023.  (See
14 ECF No. 33.)

15     Plaintiff's counsel was not able to contact Plaintiff by the day of the discovery
16 conference.  Defendant subsequently filed a motion to compel Plaintiff to appear for his
17 deposition, as well as for monetary sanctions.  (See ECF No. 36.)  Alternatively,
18 Defendant requested that the Court issue terminating sanctions, citing prejudice that
19 Defendant had experienced from delaying Plaintiff's deposition, as well as the unlikely
20 utility of monetary sanctions against Plaintiff, who had severed all communication with
21 his counsel.  (See id. at 7-8.)  Plaintiff's counsel did not oppose either request.  (See id. at
22 9.)  On November 13, 2023, the Court granted Defendant's motion insofar as it sought to
23 compel Plaintiff's appearance for his deposition, ordering Plaintiff to appear by
24 December 15, 2023.  (See ECF No. 37 at 8.)  The Court also ordered Plaintiff to pay
25 Defendant $3,503 for costs incurred as a result of his failure to appear and in preparing
26 the motion to compel, but declined to recommend terminating sanctions at that juncture.
27 (See id.)  In its order, the Court explicitly cautioned Plaintiff that further failures to
28 appear at his deposition would likely subject him to additional sanctions as provided for

in Federal Rule of Civil Procedure 37(b)(2), up to and including an order dismissing this action in whole or in part. (See id.)

On January 23, 2024, Defendant's counsel informed the Court of his intention to file a motion for terminating sanctions related to Plaintiff's failure to comply with the Court's order requiring him to appear for his deposition on December 15, 2023. (See ECF No. 40.) The Court held another discovery conference related to the anticipated motion, during which Plaintiff's counsel explained that he was still unable to contact his client, and intended to renew his motion to withdraw as counsel of record. (See ECF No. 41.) Although the Court explained that it would allow Plaintiff's counsel a short period of time to file a renewed motion to withdraw, it would eventually be forced to allow Defendant to file its motion for terminating sanctions. Plaintiff did not file a renewed motion to withdraw as counsel, and the Court set a briefing schedule requiring the parties to address Defendant's motion for terminating sanctions in the joint motion format prescribed by the undersigned's civil chambers rules. (See ECF No. 42.)

The instant motion for terminating sanctions followed. (See ECF No. 45 ("Mot. for Sanctions").) Defendant contends that terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b) and (d) are now warranted because Plaintiff has failed to comply with three court orders to date—the original extended deadline of September 20, 2023 by which Plaintiff was required to appear for his deposition, the Court's order on Defendant's motion to compel which required Plaintiff's deposition to be completed by December 15, 2023, and the Court's order requiring Plaintiff to pay $3,503 in monetary sanctions to Defendant for expenses incurred in rescheduling the deposition and filing the earlier motion to compel. (See id. at 2.) Additionally, Defendant's counsel includes multiple exhibits in support of the motion, which describe his efforts to meet and confer with Plaintiff's counsel about obtaining Plaintiff's deposition testimony, as well as Plaintiff's repeated failures to attend his deposition after they were noticed by defense counsel. (See ECF No. 46. Joseph Desiderio Decl. ("Desiderio Decl."), Exs. A-K.) Plaintiff did not oppose the motion. (See generally Mot. for Sanctions.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 37 authorizes the Court "to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983). Those sanctions may include adverse inferences, "striking pleadings in whole or in part," or dismissal of "the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). "In evaluating the propriety of sanctions, the Court considers 'all incidents of a party's misconduct.'" Blundell v. Cnty. of L.A., No. CV 08-2212-DDP (EX), 2010 WL 344320, at *4 (C.D. Cal. Jan. 29, 2010) (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990)).

The Ninth Circuit has explained that only "'willfulness, bad faith, and fault' justify terminating sanctions." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). This prerequisite "does not require wrongful intent." Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014) (citing Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994)). Instead, "[d]isobedient conduct not shown to be outside of the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgensen, 320 F.3d at 912 (internal quotations omitted). "Delay, failure to appear for depositions, failure to answer interrogatories resulting from a party being out of town, and misunderstanding a party's own counsel are not matters outside of a party's control." Nat'l Corp. Tax Credit Funds III, IV, VI, VII v. Potashnik, No. CV 07–3528 PSG (FMOx), 2010 WL 457626, at *4 (C.D. Cal. Feb. 4, 2010) (citing Henry v. Gill Indus., Inc., 983 F.2d 943, 949 (9th Cir. 1993)).

In determining whether to dismiss an action pursuant to Rule 37, the Court considers a five-part test, with three subparts to the fifth part:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of

> less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Conn. Gen. Life Ins. Co., 482 F.3d at 1096 (internal citations omitted); see also Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). These factors are "not a series of conditions precedent before the judge can do anything," but rather a "way for a district judge to think about what to do." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). "The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Conn. Gen. Life Ins. Co., 482 F.3d at 1097 (internal quotations and citations omitted).

### III.   DISCUSSION

Defendant requests that the Court dismiss Plaintiff's case for repeated noncompliance with court orders and his failure to appear at his deposition. (See Mot. for Sanctions at 4.) Additionally, Defendant asks the Court to order Plaintiff to pay the expenses that it incurred because of these failures during the discovery process. (See id. at 7.) The Court addresses each of these parts of Defendant's motion in turn below.

### A.   **Willfulness, Bad Faith, or Fault**

Plaintiff has not demonstrated that his repeated failures to comply with the Court's orders to appear for his deposition were "outside his control." Hyde & Drath, 24 F.3d at 1167. Through its previous discovery orders summarized above, the Court has already granted Plaintiff three continuances of the deadline by which he was required to appear for his deposition. See Section I, supra. Plaintiff has not made any attempt to appear for his noticed remote depositions, (see Desiderio Decl., Exs. F & G), and his counsel apparently stopped attempting to meet and confer with opposing counsel about alternate arrangements in response to multiple court orders requiring him to appear. (See id., Exs. B-D.) As such, the Court concludes that the "willfulness, bad faith, and fault"

prerequisite to terminating sanctions is satisfied. See, e.g., Ramirez v. Select Portfolio Servs., Inc., Case No. ED CV 19-145-GW (SPx), 2019 WL 6448951, at *3 (C.D. Cal. Aug. 12, 2019) (concluding that the plaintiff's conduct was not outside of his control when he stopped communicating with opposing counsel and the Court and did not attempt to show that his failure to comply with discovery orders was outside of his control).

**B.   The Ninth Circuit's Five-Factor Test**

In addition to the "willfulness, bad faith, and fault" prerequisite, the Court concludes that dismissal of this case is warranted under the five-factor test set out by the Ninth Circuit. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (citing Malone, 833 F.3d at 130). The Court addresses each factor in turn below.

**1.   The public's interest in expeditious resolution of litigation**

The public has an "overriding interest in securing 'the just, speedy, and inexpensive determination of every action.'" In re Phenylpropanolamine, 460, F.3d at 1227 (quoting Fed. R. Civ. P. 1). Plaintiff's failure to comply with both of the Court's orders setting a deadline by which his deposition was to be completed (see ECF Nos. 29 & 37) has hindered the expeditious resolution of this matter by stalling the litigation in the fact discovery phase. Though cases should generally be disposed of on their merits, Plaintiff here was ultimately responsible for prosecuting his case so that it could reach such a disposition. Accordingly, this factor favors dismissal.

**2.   The Court's need to manage its docket**

This factor weighs in favor of dismissal when the Court is forced to address or correct a party's failure to comply with discovery orders. See, e.g., Hill v. Alpine Sheriff Dep't, Case No.: 18cv2470-CAB-MDD, 2021 WL 222763, at *4 (S.D. Cal. Jan. 21, 2021) (citing Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)) (noting that the defendants had filed two motions for sanctions regarding the plaintiff's failure to comply with discovery orders), report and recommendation adopted, 2021 WL 662284 (S.D. Cal.

Feb. 18, 2021). Plaintiff's failure to comply with the Court's previous orders requiring him to appear for his deposition has caused delay in this case and prevented Defendant from obtaining discovery to which it is entitled, resulting in Plaintiff and his counsel controlling the pace of the docket, rather than the Court. Without any explanation for these failures from Plaintiff, this factor also weighs in favor of dismissal.

### 3.   Risk of prejudice to Defendant

Although the Ninth Circuit has noted that the mere pendency of a lawsuit on its own is insufficient prejudice to warrant dismissal, see In re Phenylpropanolamine, 460 F.3d at 1228, "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Id. at 1227 (internal citations omitted). Defendant correctly points out that Plaintiff's failure to appear for his properly noticed depositions prevented it from properly defending against the claims in his complaint, spending valuable time preparing sanctions motions rather than properly preparing to file dispositive motions or for trial. (See Mot. for Sanctions at 6.) Furthermore, without the ability to obtain testimony that it is entitled to through the course of discovery, Plaintiff could conceivably appear for the remaining hearings in the Court's scheduling order without Defendant's ability to first examine him on any testimony that he may provide. This factor accordingly weighs in favor of dismissal. See, e.g., Thurston v. Kokor, No. 1:22-cv-00636-SAB (PC), 2023 WL 7418330, at *4 (E.D. Cal. Nov. 9, 2023) ("Defendants suffered undue prejudice because he could not defend against Plaintiff's claims when Plaintiff deliberately refused to participate in his depositions.").

### 4.   Public policy favoring disposition of cases on the merits

As noted above, although public policy strongly favors disposition of cases on their merits, a case that is unreasonably delayed by a party's failure to comply with deadlines and basic discovery requirements may never be able to reach that type of disposition. See In re Phenylpropanolamine, 460 F.3d at 1128 (noting that the fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the

merits but whose conduct impedes progress in that direction.") (internal quotations omitted). Plaintiff's failures to comply with multiple discovery orders have placed this litigation in precisely such a predicament—Defendant has been unable to obtain critical discovery that it may need in forming its defenses to Plaintiff's claims. Accordingly, the strong preference for disposition on the merits does not outweigh Plaintiff's failure to move this case forward.

**5. The availability of less drastic sanctions**

The fifth factor, the availability of less drastic sanctions, counsels against dismissal in most cases. See Malone, 833 F.2d at 132. Courts must consider the utility of alternative sanctions before concluding that dismissal is appropriate. See In re Phenylpropanolamine, 460 F.3d at 1128-29. A "judge's warning to a party that a future failure to obey a court order will result in default judgment can itself suffice to meet the 'consideration of alternatives' requirement." Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001) (quoting Malone, 833 F.2d at 132). "Furthermore, explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." Id. (internal quotations omitted).

The Court has already attempted to use less drastic alternatives to terminating sanctions in the instant matter. After Plaintiff failed to appear for his deposition through an extension of the discovery deadline in the scheduling order, the Court issued monetary sanctions and ordered Plaintiff to appear for his deposition by December 15, 2023. (See ECF No. 37 at 5-6.) Plaintiff did not comply with either of these orders, demonstrating that monetary sanctions are not a sufficient deterrent to the discovery violations at issue in this case. Furthermore, the Court warned Plaintiff in bold font that "any further failures to appear at his deposition will subject him to additional sanctions as provided for in Fed. R. Civ. P. 37(b)(2), which may include an *order to dismiss this action in whole or in part*." (Id. at 5) (emphasis added). The Court accordingly finds that there are no lesser sanctions at this juncture that would be satisfactory or effective. This factor also weighs in favor of dismissal.

### 6. Conclusion

Under these circumstances, Plaintiff's repeated failure to attend and participate in his properly noticed deposition constitutes willful discovery misconduct sufficient to justify the imposition of terminating sanctions. See, e.g., Hill, 2021 WL 222763, at *3-5 (recommending dismissal when plaintiff did not appear for deposition or pay previously ordered monetary sanctions). This Court accordingly **RECOMMENDS** that Defendant's motion for terminating sanctions be **GRANTED**, and that this matter be **DISMISSED WITH PREJUDICE**.

### C. Monetary Sanctions

Defendant requests that the Court impose monetary sanctions in addition to terminating sanctions. (See Mot. for Sanctions at 7.) Defense counsel notes that he spent over four hours preparing the instant motion, including compiling notices of Plaintiff's failure to appear at his noticed depositions, and incurred costs of $747 in arranging for Plaintiff's remote deposition. (See Desidero Decl., ¶ 20.) These costs total $3,399— which Defendant requests that the Court impose against Plaintiff only, rather than his counsel. (See id.)

The Federal Rules of Civil Procedure require that the Court award Defendant "reasonable expenses, including attorney's fees" "[i]nstead of or in addition to" terminating sanctions. Fed. R. Civ. P. 37(b)(2)(c). The award of expenses under this rule is mandatory unless Plaintiff can show that his conduct was "substantially justified" or if "other circumstances make an award of expenses unjust." Id.

Based on the Court's discussion of the factors above, Plaintiff cannot show that his conduct was justified, let alone that it was substantially justified under the requirements of Rule 37. Based on the balance of equities in this case, however, the undersigned will not recommend additional monetary sanctions in this instance. Plaintiff has not paid the first set of monetary sanctions related to Defendant's previous motion to compel, demonstrating the futility of these sanctions. Additionally, given that the Court is already recommending the harsh penalty of dismissal with prejudice, it would be unjust to impose

additional monetary sanctions in this instance. Accordingly, the undersigned **RECOMMENDS** that Defendant's motion be **DENIED** insofar as it seeks the imposition of additional attorney's fees against Plaintiff.

### IV. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that: (1) Defendant's motion be **GRANTED in part**, (2) this case be **DISMISSED WITH PREJUDICE**, and (3) that District Judge Whelan decline to impose monetary sanctions against Plaintiff.

**IT IS ORDERED** that no later than **March 21, 2024**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 28, 2024**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1988).

**IT IS SO ORDERED.**

Dated: March 7, 2024

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge