**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERTO PONCE,<br><br>                       Plaintiff,<br><br>v.<br><br>CALENERGY OPERATING CORPORATION, et al.,<br><br>                      Defendants. | Case No.: 22-cv-1808-W-LR<br><br>**ORDER:**<br>**(1) ADOPTING REPORT AND RECOMMENDATION [47];**<br>**(2) IMPOSING TERMINATING SANCTIONS AND DISMISSING CASE WITH PREJUDICE; AND**<br>**(3) DECLINING TO IMPOSE ADDITIONAL MONETARY SANCTIONS** |

      On October 20, 2022, plaintiff Alberto Ponce ("Plaintiff") filed this case in Imperial County Superior Court against his former employer, CalEnergy Operating Corporation ("Defendant"). ([Doc. 1-2], "Complaint".) On November 17, 2022, Defendant removed the case to this Court.

      Subsequently, the Honorable Lupe Rodriguez, Jr., United States Magistrate Judge ("Magistrate Judge"), entered a scheduling order setting the fact discovery cutoff for July 28, 2023. ([Doc. 10], "Scheduling Order" at 3.) However, two days before the discovery

cutoff date, the parties filed (and the Magistrate Judge granted) a joint motion extending the discovery cutoff date in order to allow Plaintiff's deposition to be taken on or before August 31, 2023.  ([Docs. 24 and 25].)  On August 28, 2023, the parties again filed (and the Magistrate Judge granted) another joint motion extending the discovery cutoff date to allow Plaintiff's deposition to be taken on September 20, 2023.  ([Docs. 28 and 29].)

On October 3, 2023, Plaintiff's counsel filed an *ex parte* motion to withdraw, citing an inability to contact his client.  ([Doc. 30], "Motion to Withdraw" at 1.)  This Court denied the Motion to Withdraw, as nothing in the Motion demonstrated that counsel had even attempted to inform Plaintiff of his plan to withdraw in advance of the fast-approaching October 20, 2023 discovery conference.  ([Doc. 33].)

At the discovery conference, Plaintiff's counsel reiterated to the Magistrate Judge that he had still been unable to contact his client.  ([Doc. 47], "Report and Recommendation" or "Report" at 3.)  Defendant thereinafter filed a motion to compel Plaintiff to appear for his deposition and for sanctions, which Plaintiff's counsel did not oppose.  (*See* [Doc. 36].)  On November 13, 2023, the Magistrate Judge granted the motion to compel in part, ordering Plaintiff to appear for his deposition by December 15, 2023 and to pay Defendant $3,503 for the costs incurred by Defendant as a result of Plaintiff's failure to appear.  ([Doc. 37] at 8.)  The Magistrate Judge also explicitly warned Plaintiff that an additional failure to appear for his deposition would likely subject him to additional sanctions under Federal Rule of Civil Procedure 37(b)(2), up to and including terminating sanctions.  (*Id*.)  Plaintiff did not appear for his deposition by December 15, 2023 and failed to pay this first set of monetary sanctions.  (*See Report* at 4, 10.)

Accordingly, Defendant filed a motion for both terminating and monetary sanctions pursuant to Federal Rule of Civil Procedure 37(b) and (d) because of Plaintiff's repeated failure to appear for his properly noticed depositions in violation of the Magistrate Judge's orders.  ([Doc. 45], "Motion for Sanctions".)  Plaintiff's counsel did not oppose the Motion for Sanctions.  (*Report* at 4.)  On March 7, 2024, the Magistrate

1  Judge issued its Report and Recommendation pursuant to 28 U.S.C 636(b)(1) and CivLR
2  72.1(c), wherein he recommended that the Court: (1) grant the Motion for Sanctions in
3  part, (2) dismiss the case with prejudice, and (3) decline to impose additional monetary
4  sanctions against Plaintiff.  (*Report* at 11.)  Additionally, the Magistrate Judge ordered
5  that any objections to his Report and Recommendation were due by March 21, 2024 and
6  that "failure to file objections within the specified time may waive the right to raise those
7  objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th
8  Cir. 1988)."  (*Id.*)

9       The deadline for the parties to file their objections to the Report has now passed no
10 objections have been filed, nor has there been a request for additional time in which to
11 file an objection.  *See* 28 U.S.C.A. § 636 ("Within fourteen days after being served with a
12 copy, any party may serve and file written objections to such proposed findings and
13 recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14
14 days after being served with a copy of the recommended disposition, a party may serve
15 and file specific written objections to the proposed findings and recommendations").

16      A district court's duties concerning a magistrate judge's report and
17 recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the
18 Federal Rules of Civil Procedure ("Rule 72(b)") and 28 U.S.C. § 636(b)(1).  When no
19 objections are filed, the district court is not required to review the magistrate judge's
20 report and recommendation *de novo*.  *E.g., United States v. Reyna-Tapia*, 328 F.3d 1114,
21 1121 (9th Cir. 2003) (emphasis in original) (holding that 28 U.S.C. § 636(b)(1) "makes it
22 clear that the district judge must review the magistrate judge's finding and
23 recommendations de novo *if objection is made*, but not otherwise."); *Wang v. Masaitis*,
24 416 F.3d 992, 1000 n.13 (9th Cir. 2005) (emphasis added) ("Of course, de novo review of
25 a R & R is *only* required when an objection is made to the R & R.") (citing *Reyna-Tapia*,
26 328 F.3d at 1121); *Ragudo v. Saul*, 411 F. Supp. 3d 1125, 1129–30 (S.D. Cal. 2019)
27 (citations omitted) ("The district court need not review *de novo* those portions of an R&R
28 to which neither party objects."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal.

2005) ("[N]either party has objected to the Report. Accordingly, the Court will adopt the Report and Recommendation in its entirety."). Instead, the Advisory Committee Notes to Rule 72(b)'s 1983 amendments instruct "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See, e.g.*, *Nevarez v. Godwin*, 2023 WL 5674407, at *2 (S.D. Cal. Sept. 1, 2023); *Benavidez v. Cnty. of San Diego*, 2022 WL 617313, at *1 (S.D. Cal. Mar. 2, 2022); *Michael Louis W. v. Kijakazi*, 2022 WL 2918613, at *1 (S.D. Cal. July 25, 2022).

Having reviewed the Report, the Complaint, and the entire record in this case, the Court finds that the Magistrate Judge's Report is thorough, well-reasoned, and contains no clear error. Accordingly, Court accepts the Magistrate Judge's recommendation and **ADOPTS** the Report [Doc. 47] in its entirety. For the reasons stated in the Report, which is incorporated herein by reference, the Court **GRANTS IN PART AND DENIES IN PART** the Motion for Sanctions [Doc. 45]; **ORDERS** this case **DISMISSED WITH PREJUDICE**; and declines to impose additional monetary sanctions on Plaintiff (however, the original monetary sanctions of $3,503 remain in place, *see* [Doc. 37] at 8).

The Clerk shall close the District Court case file.

**IT IS SO ORDERED.**

Dated: May 8, 2024

Hon. Thomas J. Whelan
United States District Judge